[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13845

Non-Argument Calendar

_____

ABRAKA OKPOSIO,

                                                              Plaintiff-Appellant,

*versus*

BARRY UNIVERSITY, INC.,
a Florida corporation,
BETHANY PIERPONT,
individually,
LETICIA M. DIAZ,
ROXANNA P. CRUZ,
MARIA L. ALVAREZ, et al.,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23814-DPG

_____

Before JORDAN, WILSON, and LUCK, Circuit Judges

PER CURIAM:

Abraka Okposio appeals from the district court's denial of her motion to file a third amended complaint alleging claims under Florida law for fraudulent misrepresentation, gross negligence, and vicarious liability against Barry University and its employees— Bethany Pierpont, Leticia Diaz, Roxanna Cruz, Maria Alvarez, and Amy Lefkowitz.  She argues that the district court erred in denying her motion and dismissing her action with prejudice because the complaint she offered to file if the motion were granted was not a shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2).

**I**

Ms. Okposio sued Barry University, and the employees named above, after she was unable to meet the cost of attendance at the university's law school after her first year.  She claims that the university and its employees fraudulently led her to believe that she would have access to need-based financial aid and that defendants were grossly negligent in failing to assist her as an enrolled student. *See* D.E. 47-1 at 12−13; 17–20.

After completing her initial year of law school, Ms. Okposio learned for the first time that international students at the university were ineligible for most forms of need-based aid past their first year of enrollment. *See id*. at 10−11. As an international student, Ms. Okposio was also ineligible to receive federal student loans toward tuition costs. Finally, as a result of poor academic performance in her first year, Ms. Okposio was unable to secure merit-based aid from the university.

Due to these constraints, Ms. Okposio discontinued her degree in 2016 before completing her second year of law school. She brought an action *pro se* seeking damages to redress the loss of future earning capacity as a graduate and licensed attorney.

The district court dismissed Ms. Okposio's complaint without prejudice, ruling that her 685-page complaint constituted "an impermissible shotgun pleading." D.E. 10 at 3. Among other deficiencies, the district court identified "hundreds of pages of immaterial factual allegations" and a failure to tie "each of those factual allegations to the claims raised." *Id*. at 3–4. The district court allowed Ms. Okposio to file an amended complaint that complied with the federal pleading standards. *See id*. at 4. Ms. Okposio then filed her first amended complaint, and subsequently moved to proceed *in forma pauperis*.

The district court dismissed Ms. Okposio's first amended complaint without prejudice on similar grounds. According to the district court, the amended complaint "continue[d] to include hundreds of pages of immaterial factual allegations" which prevented

the district court from determining "which allegations [were] relevant" and whether Ms. Okposio had properly pled "each element of the various claims she raise[d]." D.E. 41 at 3. Ms. Okposio then filed her second amended complaint.

The district court dismissed the complaint without prejudice again. By this time, Ms. Okposio had re-organized the complaint and eliminated over eight hundred pages of text and exhibits. The district court nonetheless concluded that it could not "sift through such a lengthy pleading in order to determine whether [p]laintiff ha[d] alleged sufficient factual content to support each element of the various claims she raise[d]." D.E. 46. The district court warned Ms. Okposio that another improperly pled complaint would "result in a dismissal of [the] action with prejudice." *Id.* Ms. Okposio then filed a motion for leave to submit a third and final amended complaint.

The district court denied the motion *sua sponte* and dismissed the action with prejudice on October 31, 2022. In its paperless order, the district court acknowledged Ms. Okposio's attempt at "condensing facts and sentences; removing repetitive factual allegations; removing stand-alone conclusory statements; [and] revising counts . . . ." D.E. 48 ¶ 1. The district court ruled, however, that the complaint's "101 pages, 423 paragraphs, and duplicate counts" meant that Ms. Okposio had "once again failed to present her claims 'discretely and succinctly.'" *Id* ¶2. (quoting *Weiland v. Palm Beach Cnty. Sheriffs Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

This is Ms. Okposio's appeal. We conclude that the district court abused its discretion in denying Ms. Okposio's motion to file a third amended complaint.

## II

We review dismissals of shotgun pleadings under Rule 8(a)(2) for the abuse of discretion. *Weiland*, 792 F.3d at 1320.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim." It is within "the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2)." *Weiland*, 792 F.3d at 1320.

One type of complaint that violates Rule 8(a)(2) is a shotgun pleading. *See id.* We have described four common examples of shotgun pleadings. These are when a complaint (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321−23. The central question is whether the pleadings "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. In other words, shotgun

pleadings make it *"virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. Trs. Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

We afford leeway to *pro se* litigants when it comes to conforming to pleadings rules. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). This is true for compliance with Rule 8(a)(2) as well, even when the pleadings contain similarities to the four examples we described in *Weiland*. *See id.* In *Pinson*, for example, we held that a *pro se* complaint, which we described as "adopt[ing] the allegations of all preceding counts" and "longer than it needs to be," should not have been dismissed as a shotgun pleading because it provided sufficient notice to the defendants of the claims lodged against them. *See id.*

## III

Though Ms. Okposio's third amended complaint is not a model of brevity, it sufficiently puts the defendants on notice of the claims against them. The proposed third amended complaint at issue contains specific allegations of "the who, what, when, where, and how" of the alleged fraud and negligence concerning the alleged misrepresentations and omissions about financial aid. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). We therefore consider whether it fits within any of the shotgun pleading categories we've identified.

Ms. Okposio's third amended complaint is not a shotgun pleading of the first variety. Out of the thirty-five counts in the

complaint, "none of them adopts the allegations in the preceding counts." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).

Ms. Okposio's complaint also does not fall under the second category of shotgun pleadings. Although Ms. Okposio's description of the facts is repetitive at times, the complaint is not plagued by conclusory, vague, or immaterial facts; nor does it "leave[] the reader to speculate as to which factual allegations pertain to which count." *Adams v. Huntsville Hosp.*, 819 F. App'x 836, 838 (11th Cir. 2020). Instead, the complaint presents facts in chronological order, describing events before, during, and after the alleged tortious conduct. Each count in the complaint then "adopts and realleges *specific* paragraphs from the complaint's factual allegations . . . ." in order to connect each set of facts with a particular cause of action. *McKenzie v. Cleveland*, 2023 WL 3312539, at *3 (N.D. Ala. May 8, 2023) (emphasis in original).

The complaint may appear, at first glance, to contain "duplicate counts." *See* D.E. 48 ¶ 1. But it is not a shotgun pleading of the third variety. On the contrary, the complaint is exhaustive in separating "each count [into] a unique cause of action." *Barmapov*, 986 F.3d at 1325. The complaint, for instance, asserts four counts of fraudulent misrepresentation and five counts of gross negligence against individual employees at Barry University. Each count pertains either to a different defendant or a different claim based on a discrete event. As an example, Ms. Okposio asserts three counts of gross negligence against Ms. Diaz, and each count pleads an

alternative theory of liability based on alleged wrongs that occurred over a span of two months. *See* D.E. 47 at 67–71; 73–78.

Ms. Okposio's complaint is not a shotgun pleading of the fourth variety either. Such offending pleadings commit the "relatively rare sin" of asserting a claim against multiple defendants at once without specifying which defendant committed the alleged wrong. *See Weiland*, 792 F.3d at 1320. However, out of the thirty-five counts in Ms. Okposio's complaint, none "target multiple defendants" at once. *See Barmapov*, 986 F.3d at 1325.

Finally, though the complaint contains surplusage, that defect alone does not preclude defendants from understanding the claims lodged against them. The prohibition against shotgun pleadings is not "an indictment against all long complaints." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294 n.2 (11th Cir. 2018). Our rulings require adequate notice, not "a model of efficiency or specificity." *Weiland*, 792 F.3d at 1325. This is true even where, as here, a plaintiff is confronted by the heightened pleading standard of Rule 9(b) for fraudulent misrepresentation claims. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The application of Rule 9(b) . . . 'must not abrogate the concept of notice pleading.'") (citation omitted).

## IV

The district court erred in denying Ms. Okposio's motion to file a third amended complaint under Rule 8(a)(2) because the pleading she stated she would file if the motion were granted would "give the defendants adequate notice of the claims against

22-13845              Opinion of the Court                    9

them and the grounds upon which each claim rests" and would not make it *"virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1323, 1325 (emphasis in original). This is especially so given the leeway we afford to *pro se* litigants when it comes to complying with pleadings rules. *See Pinson*, 942 F.3d at 1208.

   **REVERSED AND REMANDED.**